Filed June 13, 1888.

---

No. 14,380.

## Torr, Auditor, *v.* The State, ex rel. Corcoran.

County Commissioners.—*Special Session.*—*Adjourning to a Day in Vacation.*—The board of county commissioners can not lawfully convene itself in special session by an order adjourning over beyond the term to a day in vacation.

Same.—*Collateral Attack Upon Proceedings.*—*Presumption.*—Where the record, by a recital to that effect, shows that the board met in what was assumed to be a special session, and transacted business which it was authorized by law to transact at such session, it will be presumed, when its proceedings are collaterally assailed, that it was regularly called in special session.

From the Cass Circuit Court.

*J. W. McGreevy*, for appellant.

*D. D. Dykeman*, *W. T. Wilson* and *G. C. Taber*, for appellee.

Mitchell, J.—This was a proceeding by mandamus to compel Torr, auditor of Cass county, to issue his warrant upon the county treasurer to Michael Corcoran for fifty dollars, the county surveyor having certified that that sum was due the latter on account of labor performed and services rendered in cleaning out and repairing a public ditch, under

a contract with the surveyor. The facts were agreed upon, and, having given due consideration to the agreed statement of facts, the court below gave judgment directing the auditor to draw his warrant for the sum certified to be due the relator.

Section 10 of the act of April 6th, 1885, makes it the duty of the county surveyor, in each county, to keep all works constructed for the purpose of drainage, under any law then or theretofore in existence, in repair, and to certify the cost thereof, including his own *per diem*, to the county auditor, who is required by law to draw his warrant on the county treasurer, payable to the person to whom the money is owing.

It is agreed that the work was done in pursuance of the order of the county surveyor, under a contract for the repair of a drain; that it was of the value of fifty dollars, and that the ditch cleaned out and repaired was an existing ditch, in Cass county.

The auditor seeks to justify his conduct in refusing to draw a warrant upon the certificate of the county surveyor, by maintaining that the ditch which the relator repaired was never legally established, or, in other words, that the proceedings under which the ditch repaired was established and constructed were void.

It is agreed that the board of commissioners of Cass county, assuming to be in special session, with a proper petition before it, appointed viewers to locate and report upon the public utility of the ditch in question, on the 15th day of September, 1876.

The appellant insists that the order appointing viewers was a nullity, because the record of the proceedings of the board does not show " the service of any summons or notice on said board nor a majority thereof, to meet in said special session at the time aforesaid, and that no such notice or summons can, after careful and diligent search therefor, be found on file in the office of the auditor of Cass county, Indiana,

where all such summonses are kept on file." There is no merit in the point thus made.

It is agreed that the regular September session of the board expired by limitation of law on the 13th day of September. It is recited at the end of the commissioners' record of the proceedings of that day, that the board adjourned to meet in special session at 9 o'clock the next morning. The record of the proceedings of the next day commenced thus : " The board met in special session to complete the unfinished business of the regular session." The business not having been completed that day, the board adjourned to meet on the morning of the 15th, the day on which the viewers were appointed.

The appellant assumes, because the record of the commissioners' meeting on the 14th omits to show the issuing and service of notice upon the members of the board to meet in special session, that it necessarily and conclusively follows that the board must be presumed to have met on the 14th of September pursuant to its own adjournment on the 13th, without any call or summons from the auditor. As a matter of course, a board of commissioners must be lawfully in session in order to do any valid official business, and it can not lawfully convene itself in special session by an order adjourning over beyond the term to a day in vacation. But the law makes provision for the calling of special sessions, and it authorizes proceedings to be taken at such sessions in matters pertaining to the establishment of drains. When, therefore, the record, by a recital to that effect, shows that the board met in what was assumed to be a special session, and transacted business which it was expressly authorized by law to transact at such a session, the presumption will be indulged, when its proceedings are assailed collaterally, that it was regularly called in special session. This subject has so recently been considered by this court that we do not deem it necessary to elaborate further. *Prezinger* v.

*Harness,* 114 Ind. 491 ; *White* v. *Fleming,* 114 Ind. 560; *Davis* v. *Lake Shore, etc., R. W. Co.,* 114 Ind. 364.

It may be well enough to remark that it appeared by extraneous evidence in the present case that the commissioners were regularly called into special session by the auditor. Whether a record which recited that the commissioners had been convened in special session could be collaterally impeached, we do not now inquire. It was certainly not reversible error for the court to consider such evidence, if it did consider it, in support of a record that was sufficient against a collateral attack without extraneous proof.

The judgment is affirmed, with costs.

Filed June 13, 1888.