CURTIS *v.* BOARD OF SUPERVISORS OF CHARLEVOIX
COUNTY.

1. JUDGMENTS—COLLATERAL ATTACK—JUDGMENT AGAINST COUNTY
—PROCESS—SERVICE—PRESUMPTIONS.

In support of a judgment rendered in the circuit court against
a board of supervisors, on process served upon the deputy
county clerk, it will be presumed, as against collateral attack,
that the facts existed which authorized service upon the
deputy.   Section 2477, 1 Comp. Laws.

2. SAME—CONCLUSIVENESS OF RECITALS—REGULARITY OF TERM.

In the absence of any evidence as to the appointment of terms
of court for a county under Act No. 168, Pub. Acts 1887 (sec-
tion 302, 1 Comp. Laws), the recital in a judgment record in
the circuit court that it was rendered at "a regular term
of the circuit court of the county of M. commenced and
held in the court-house in the village of St. J. on Monday,
the 31st day of October," imports absolute verity, irrespective
of previous recitals in the journal showing adjournments
which are claimed to have closed the term.

3. SAME—COMMON ORDERS—FAILURE TO ENTER—EFFECT.

Failure to enter all the orders and papers in the common rule
book is a mere irregularity which can only be taken advant-
age of by direct proceedings or appeal, and does not render a
judgment vulnerable to collateral attack.

4. SAME—PRESUMPTIONS.

All possible intendments will be made in support of a judg-
ment rendered by the circuit court having jurisdiction of the
parties and subject-matter, and only jurisdictional defects
appearing on the face of the judgment record can be attacked
collaterally.

5. SAME—DEFECTIVE PLEADINGS.

Where the pleadings present an issue which it is within the
province of the court to determine, its determination cannot
be attacked collaterally though the declaration contained in-
valid counts; the validity of the declaration as against direct
attack not being the controlling question when it is attacked
in a collateral proceeding.

6. COUNTIES—DISORGANIZATION—INDEBTEDNESS—DIVISION — STAT-
UTE—MANITOU COUNTY.

The provision of the act disorganizing Manitou county (Act
No. 362, Local Acts 1895) apportioning its indebtedness be-
tween the counties to which its territory was attached, in
proportion to the assessed valuation of the part attached to
each county respectively, was simply declaratory of the com-
mon law.

7. SAME — TRUSTS — ASSETS OF DISORGANIZED COUNTY — ADMINIS-
TRATION—EQUITY JURISDICTION.

The fund arising from delinquent taxes, redemptions, and
sales, in the territory of the disorganized county, is in the na-
ture of a trust fund for the payment of creditors and others
claiming a right to participate therein, of which the chan-
cery court has jurisdiction, and, having assumed jurisdiction
on the bill of a creditor, has authority to dispose of the whole
subject-matter, relieving the creditor of the necessity of
bringing mandamus against the townships comprising the
disorganized territory.

8. SAME—CLAIMS—AUDIT—NECESSITY.

Where creditors had a valid enforceable judgment against a
county prior to its disorganization, it was unnecessary that
such judgment should be submitted to the auditing board
provided for in the disorganizing act for its audit; the only
reason for such submission being that it would constitute a
notification of the claim that it might be listed for payment,
and this purpose being fully accomplished by direct notice to
the interested parties, it having been allowed as correct by
the disorganized county prior to the statute and by the suc-
ceeding county afterwards.

9. TRUSTS—ESTABLISHMENT—EXPENSES.

Where complainants are the only creditors entitled to share in
a trust fund which suit is brought to establish, they are not
entitled to their expenses, including attorneys' fees, incurred
in bringing the fund into court.

Cross-appeals from Charlevoix; Davis, J., presiding.
Submitted October 12, 1908. (Docket No. 38.) Decided
November 30, 1908.

Bill by William L. Curtis and James R. Wylie against
the board of supervisors of Charlevoix county and others
to declare, enforce, and administer a trust. From the
decree rendered, all parties appeal. Affirmed.

*Kleinhans & Knappen,* for complainants.

*R. W. Kane,* for defendants.

BLAIR, J.   This suit grows out of the disorganization of the county of Manitou by Act No. 362, Local Acts 1895, attaching the territory in Manitou county to Charlevoix and Leelanau counties.   It is a suit in equity brought primarily to declare, enforce, and administer as a trust fund certain moneys received by Charlevoix county after the disorganization of Manitou county on account of delinquent tax sales and redemptions collected upon that portion of the territory of Manitou county annexed to Charlevoix county.   Complainants' claim against Manitou county originated October 12, 1885, on which date complainants purchased, for $1,500 in cash, six bonds of the county for $250 each, with interest at 10 per cent., said bonds having been issued for the purpose of borrowing money to pay the current liabilities of the county. These bonds having become due on August 27, 1892, complainants commenced suit by declaration and rule to plead in the circuit court for Manitou county to recover for the indebtedness represented thereby.   The declaration contained both the common counts and special counts upon the bonds.   The records and files in this suit at law were put in evidence by complainants, and were as follows:

"Order entering appearance and default, dated September 20, 1892, signed by M. W. George, plaintiff's attorney. No filing mark on the paper.

"Brief and computation on bonds set forth in the declaration, being six Manitou county bonds numbered from 1 to 6, dated October 12, 1885, bearing interest at the rate of 10 per cent. per annum, computed as due, $2,706.50, undated and unsigned.

"Copy of judgment entry.

"Order of default absolute as follows: 'William L. Curtis & James R. Wylie *v.* The Board of Supervisors of Manitou County.   Dated October 31, 1892.   Dart & Dart, attorneys for plaintiff.   The default of said defendant in not appearing and pleading in this cause having been duly entered, and four days in term having elapsed since

the entry thereof, on motion of M. W. George, attorney for plaintiff, ordered that the said default be, and the same is hereby, made absolute, that interlocutory judgment be and the same is hereby entered, and that plaintiffs' damages be assessed by this court.'

"Two copies of declaration, one apparently filed as commencement of suit, with copy of rule to plead indorsed thereon, filed August 27, 1892, by William J. Gallagher, deputy clerk; the other copy of the declaration having notice of the rule to plead, and also the following affidavit indorsed thereon, filed August 27, 1892, by William J. Gallagher, deputy clerk:

" 'STATE OF MICHIGAN, ⎰
   County of Manitou.   ⎱ ss.:

" ' Robert C. Ames, being duly sworn, says that upon the 27th day of August, A. D. 1892, he served the declaration, of which the within is a true copy, upon Wm. J. Gallagher, deputy clerk of the County of Manitou, in the State of Michigan, by delivering to the said Wm. J. Gallagher, personally, in said County of Manitou, a true copy thereof, together with a true copy of the notice to appear and plead indorsed thereon, as hereon indorsed.

" 'ROBERT C. AMES.

" 'Subscribed and sworn to before me this 27th day of August, A. D. 1892.

" 'JOHN DUNLEVY,
" ' Notary Public in and for said County.
" 'Filed this 27th day of August, A. D. 1892.

" 'WM. J. GALLAGHER,
" ' Deputy Clerk.' "

In the common rule book, on page 21, appears the rule to plead in the suit of William L. Curtis and James R. Wylie *v.* Board of Supervisors of Manitou County, dated August 27, 1892. Contained in said book were three loose papers entitled in said cause, being: (1) Draft of default absolute, dated October 31, 1892, and judgment entry, unsigned; (2) draft of rule to plead dated August 22, 1892, also unsigned; (3) a taxed bill of costs. No other entries or papers pertaining to said suit were found in said book.

"Mr. Kane offered in evidence and read from the journal of the circuit court of Manitou county the following entries (subject to objection by Mr. Knappen that

said records are irrelevant, immaterial, and incompetent, as attacking the judgment collaterally):

"'St. James, Manitou County, Oct. 18th, A. D. 1892.

"'The regular term of the circuit court of Manitou county commenced and held in the court-house in the village of St. James, on Tuesday, October the 18th, in the year of our Lord one thousand eight hundred and ninety-two. Hon. Charles J. Pailthorp, circuit judge. The court was opened by the sheriff in due form. The judge not being present, thereupon the court do now adjourn until 10 o'clock tomorrow a. m.

"'ANTHONY O'DONNELL, Clerk.

"'Wednesday, Oct. 19th. General term continued. The court was opened by the sheriff in due form. The judge not being present, thereupon the court do now adjourn until 10 o'clock tomorrow a. m.

"'ANTHONY O'DONNELL, Clerk.

"'Thursday, Oct. 20, 10 o'clock a. m. Court being opened by the sheriff in due form, the judge not being present, thereupon the court do now adjourn until Thursday, the 27th day of Oct. 10 o'clock a. m.

"'ANTHONY O'DONNELL, Clerk.

"'St. James, Manitou County, Oct. 27th, A. D. 1892.

"'An adjourned term of the circuit court of the said county, commenced and held in the court-house in the village of St. James on Thursday, the 27th day of October, in the year of our Lord one thousand eight hundred and ninety-two. Hon. C. J. Pailthorp, circuit judge. The court was opened by the sheriff in due form. The judge not being present, thereupon the court do now adjourn until one o'clock p. m.

"'ANTHONY O'DONNELL, Clerk.

"'One o'clock in the afternoon. The judge not being present, thereupon the court do now adjourn until 10 o'clock tomorrow a. m.

"'ANTHONY O'DONNELL, Clerk.

"'Friday, Oct. the 28th, 10 o'clock a. m. Adjourned term continued. The court was opened by the sheriff in due form. The judge not being present, thereupon the court do now adjourn until 1 o'clock p. m.

"'One o'clock in the afternoon. The court was opened for business in due form. Thereupon, by order of the judge, court adjourned until Monday, Oct. 31, 1892, at 10 o'clock a. m.

"'ANTHONY O'DONNELL, Clerk.

" 'The circuit court for the county of Manitou. A regular term of the circuit court for the county of Manitou commenced and held in the court-house of the village of St. James, on Monday, thirty-first day of October in the year of our Lord one thousand eight hundred and ninety-two. The Hon. J. H. Steere, circuit judge. Court was opened by the sheriff in due form.

" 'WILLIAM L. CURTIS and JAMES R. WYLIE, | Action
Plaintiffs, | on
*v.* | county
THE BOARD OF SUPERVISORS OF THE | bonds.
COUNTY OF MANITOU, |
Defendants. |

" ' The appearance of said defendant and its default in not pleading having been duly entered in this cause according to the rules and practice of the court, and the said default having become absolute, and the damages of said plaintiffs on occasion of the premises having been duly assessed at the sum of two thousand seven hundred and six dollars and fifty cents ($2,706.50) over and above their costs and charges by them about their suit in this behalf expended, therefore it is considered by the court now here that the said plaintiff do recover against the said defendant their damages aforesaid, together with their costs and charges aforesaid, hereby taxed at the sum of $20, and that they be and hereby are authorized to proceed to collect the same according to law.' "

Oral testimony was introduced by the defendants to prove that the clerk of Manitou county, at the time of service upon the deputy, was in the county but not in his office. This judgment of the circuit court has never been appealed from or attacked in any direct proceeding.

The disorganization act of 1895, although in terms not mentioning the township of Peaine as being attached to the county of Charlevoix, but providing only for "the territory embraced in said township of Galilee, viz., the Beaver group of islands," probably should be held to have omitted the township of Peaine by mistake, and to have included the same in the general description, "the Beaver group of islands," which contained both the township of Galilee and the township of Peaine. The act provided for

a division of the assets in proportion to the assessed valuation of the territory attached to each county and for apportionment of the valid indebtedness of the county in accordance with the assessed valuation of the part attached to each county respectively, as fixed by the board of supervisors at the October, 1894, session. The act also provided that the excess of such indebtedness over the proportion of the indebtedness of Charlevoix county on its own valuation should be met by taxation levied on the territory annexed, and the same provision was made with reference to Leelanau county. Neither Charlevoix nor Leelanau had any indebtedness at the time of the annexation of this territory. The disorganizing act also provided for an auditing board, composed of the county clerk and treasurer of each of the counties of Charlevoix, Leelanau, and the former Manitou, to audit all accounts of the county and file the record of such accounts for future reference. This board never took any action. In 1893, at the next meeting of the board of supervisors of Manitou county following complainants' judgment, the board of supervisors passed a resolution directing the payment upon such judgment of $1,000 from the taxes at that time ordered. In 1896 the board of supervisors of Charlevoix county, upon the advice of the prosecuting attorney, adopted a resolution reciting the rendition of the judgment of October 31, 1892; that the amount then due was $3,816, apportioning the judgment indebtedness, on the basis of assessed valuation, to Charlevoix county, $2,257, and to Leelanau, $1,559, reciting the existence of certain delinquent and unpaid taxes on the portion of Manitou county annexed to Charlevoix county and directing the county treasurer of Charlevoix county to receive all delinquent taxes aforesaid, "and pay over and apply the same in payment and satisfaction of the portion of said judgment debt aforesaid on the territory attached to the said county." The resolution ordered the supervisors of the attached townships to spread upon their respective tax rolls a tax of 1 per cent. as the Manitou county judgment

tax, "to be collected and paid over upon such judgment, and that a like tax be spread, levied, and collected each year thereafter and applied until the judgment debt be satisfied." In 1897 the board of supervisors of Leelanau county passed a similar resolution, under which Leelanau county has paid in full its proportion of the judgment debt. October 30, 1897, no action having been taken by the supervisors of the attached territory (at that time united in one township under the title of Peaine township), complainants brought mandamus proceedings against the supervisors of that township, which resulted in the issuance of the writ commanding the supervisor of Peaine township to levy a 1 per cent. tax. This tax was levied in 1897 and 1898, and from the proceeds of these two tax levies complainants received $677.89. In April, 1902, complainants instituted suit at law against Charlevoix county to recover the fund arising from delinquent taxes. The county of Charlevoix alleges in defense, among other things, that there were other claimants to the fund, if, in fact, it was a fund for the benefit of creditors. This suit was thereupon brought in aid of the suit at law and for the purpose of determining the fund and those entitled to share in it. Fitch & Fitch, claiming to hold by assignment a large number of county orders, are made parties to the bill as claimants upon the fund, and they filed a cross-bill, asking for the establishment of the fund in question, and for the determination of the validity of their orders. Leelanau county, together with the townships comprising the attached territory, were made parties, and R. W. Kane was also made a party defendant because of his former claims to a share in the trust fund. He disclaimed, however, upon the record. Decree was entered in favor of complainants August 20, 1907, from which decree the townships of Peaine and St. James, comprising the territory attached to Charlevoix county, have appealed to this court. The complainants have also appealed because of the refusal of the court to allow complainants from the trust fund established by the de-

cree their expenses in bringing the fund into court for the benefit of the creditors of Manitou county, including the reasonable sums paid their attorneys.

Defendants ask for a reversal of the decree for the following reasons, namely:

"1. (a) There was no legal service of process upon Manitou county. The proof of service of the declaration by which the suit was commenced reveals the fact that it was served only upon a deputy county clerk, and no explanation is made in the return why service was not made upon one of the officers designated by the statute.

" (b) Said judgment is void for the further reason that the trial was had and judgment rendered and entered at a date when the court was not, and, in fact, could not be, legally in session.

" (c) The judgment is void for the further reason that the judgment entry on its face shows that it was based upon county bonds, and that the only bonds set up in the declaration in said cause were unlawfully issued and such fact appears upon the face of said declaration.

" (d) The invalidity of said judgment remained, and had not been cured at the date of the commencement of this action.

"2. That if complainants have any claim against the defendants, the board of supervisors of the county of Charlevoix or the said townships of St. James and Peaine, their action is by mandamus which will afford a full and complete remedy, and, there being a complete remedy at law, chancery will not interfere to afford them relief.

"3. That this court is without jurisdiction in the premises either of the subject-matter or of the parties to the proceedings for the reasons:

" (a) That no debt or claim whatever since the disorganization of Manitou county has been legally established as against Manitou county. There is therefore no evidence upon which to predicate a trust in favor of any person or persons as against Charlevoix county as trustee.

" (b) That, the legislature having the power to direct in what manner the claims against the disorganized county of Manitou should be ascertained and having made provisions in the disorganizing act for the ascertainment of the valid indebtedness against said county, such provision is exclusive, and no other body or tribunal has power or jurisdiction in the premises.

"( c ) That the legislature having provided by what body the said debts against Manitou county, when ascertained, should be apportioned, and having provided the means for the payment of said indebtedness, such legislative action is exclusive and no other tribunal or body has the power or jurisdiction to apportion said indebtedness, and to provide for the payment of the same than the one indicated by the disorganizing act, viz., the board of supervisors of Charlevoix and Leelanau counties.

"( d ) The boards of supervisors of Charlevoix and Leelanau counties cannot apportion said indebtedness nor any part thereof until the same has been ascertained under legislative sanction, and then only in the manner prescribed by the legislature."

1. (a) Section 2467, 1 Comp. Laws, provides:

" In all legal proceedings against the board of supervisors, the process shall be served on the chairman or clerk of the board."

Section 2477 provides:

" The county clerk of each county, or in his absence his deputy, shall be the clerk of the board of supervisors of such county."

In view of the recitals in the judgment and in support thereof, we think it must be conclusively presumed, as against collateral attack, that the facts existed which authorized service upon the deputy clerk, viz., the absence of the clerk, in which event the deputy clerk was the " clerk of the board." *Peninsular Sav. Bank* v. *Ward*, 118 Mich. 87.

(b) Defendants insist that all of the entries in the circuit court journal of Manitou county "relate to the single term of court commencing October 18, 1892, and which, according to said journal, terminated October 31, 1892, upon which date the judgment of Curtis and Wylie *v.* Manitou County was rendered;" that, under the provisions of section 303, 1 Comp. Laws, the adjournment by the clerk from October 20th to October 27th was void and terminated the term; that, even if it could be presumed that a written order by the circuit judge was filed author-

izing the adjournment to the 27th, the failure of the judge
to attend on that day required the adjournment of the
term sine die at 6 o'clock in the afternoon; that, there-
fore, "the trial was had and judgment rendered and
entered at a date when the court was not and could not
have been legally in session," and was a nullity.   Act No.
168, Pub. Acts 1887 (section 302, 1 Comp. Laws), re-
quires:

"Each of the circuit judges shall, on or before the first
day of November next, and every two years thereafter,
fix and appoint the times of holding the several terms
within his circuit, for the period of two years, which ap-
pointments, when so made, shall continue unalterable for
two years thereafter, and he shall immediately transmit
to the clerk of each county within his circuit a notice of
the appointment of terms so made by him, *and it shall
be the duty of such clerk to file and preserve such no-
tice*," etc.

The order of the circuit judge fixing the terms of court
for Manitou county does not appear in the record nor any
evidence whatever as to its contents.   The court had juris-
diction of the parties and of the subject-matter of the suit,
and, in the absence at least of proof to the contrary by the
order fixing the terms of court, the recital of the judg-
ment record that this was "a regular term of the circuit
court of the county of Manitou commenced and held in
the court-house in the village of St. James on Monday,
the 31st day of October," imports absolute verity.   See
*Torr* v. *State*, 115 Ind. 188, 190; *Bracken* v. *Milner*, 99
Mo. App. 187; *Kostenbader* v. *Kuebler*, 199 Pa. 246;
*Baldridge* v. *Penland*, 68 Tex. 441.   The failure to enter
all of the orders and papers in the common rule book
was no more than an irregularity which could only be
attacked by direct proceedings or appeal.   The court hav-
ing jurisdiction of the parties and subject-matter, all
possible intendments will be made in support of the judg-
ment, and only jurisdictional defects appearing on the face
of the judgment record can be attacked collaterally.   23
Cyc. p. 1073, par. 2; *Peninsular Sav. Bank* v. *Ward*,

118 Mich. 87; *American Copying Co.* v. *Stern,* 148 Mich. 281; *Hatch* v. *Wayne Circuit Judge,* 138 Mich. 184.

(c) The declaration, in addition to the special count on the bonds, contained the common counts in assumpsit, and, as to such counts, at least, was valid.  But the validity of the declaration as against direct attack is not the controlling question, when it is attacked in a collateral proceeding.  If the pleadings present an issue which it is within the province of the court to determine, his determination cannot be attacked collaterally.  23 Cyc. p. 1071; *Peninsular Sav. Bank* v. *Ward,* supra; 1 Black on Judgments (2d Ed.), § 269.

2. Under the disorganization act, the counties of Charlevoix and Leelanau received the assets of Manitou county charged with a trust in favor of its creditors.  The provisions of the disorganizing act for the apportionment of the debts of Manitou county were simply declaratory of the common law.  1 Dillon on Municipal Corporations (4th Ed.), § 186; *Mount Pleasant* v. *Beckwith,* 100 U. S. 514.  The fund arising from delinquent taxes, redemptions, and sales being in the nature of a trust fund for the payment of creditors and others claiming the right to participate therein, the court of chancery had jurisdiction, and, having properly assumed jurisdiction, had authority to dispose of the whole subject-matter of the suit.  *Husted* v. *Thomson,* 158 N. Y. 328; *Mount Pleasant* v. *Beckwith,* supra.

3. The complainants having a valid enforceable judgment against the county of Manitou, it was unnecessary that such judgment should be submitted to the auditing board provided for in the disorganizing act for its audit. The only reason for such submission would be a notification of the claim, that it might be listed for payment. This purpose was fully accomplished by direct notice to the interested parties, and it had been allowed as correct by the county of Manitou prior to the statute and by the county of Charlevoix after the statute.

So far as the proofs indicate, the complainants are the only creditors entitled to share in the fund, and are not entitled to their expenses for bringing the fund into court on the theory that others are entitled to share in it.

There are no other questions which, in our opinion, require consideration, and the decree is affirmed, with costs of this court to complainants.

GRANT, C. J., and HOOKER, MOORE, and MCALVAY, JJ., concurred.