A. R. JESSUP, *as Sheriff, etc.*, v. THE ATCHISON, TO-
    PEKA & SANTA FE RAILWAY COMPANY.

No. 15,644.   (100 Pac. 472.)

### SYLLABUS BY THE COURT.

JUDGMENTS—*Attachment—Parties Bound by the Judgment—
Collateral Attack.*  Where in an action pending in the district
court an order of attachment was issued and levied upon
personal property in possession of the defendant, and after
the return of the writ the court entered judgment for the
plaintiff and made an order sustaining and confirming the
attachment, and adjudged that the property, when seized,
was subject to attachment, such order of the court is binding
upon all parties interested in the property taken, and can
not be set aside or questioned except in a direct proceeding
for that purpose.

Error from Finney district court; WILLIAM EASTON
HUTCHISON, judge.   Opinion filed February 6, 1909.
Reversed.

### STATEMENT.

KING BROTHERS commenced an action against the
Denver & Rio Grande Railroad Company in the dis-
trict court of Finney county.   An order of attachment
was issued in that action November 3, 1903, which
was duly levied by the sheriff upon nine stock-cars be-
longing to the Rio Grande railroad company, but then
in the possession of the defendant herein, the Atchison,
Topeka & Santa Fe Railway Company.   Afterward
the plaintiffs recovered judgment for $2800 and costs.
The attachment was confirmed and sustained and the
court decided that the property, when seized, was sub-
ject to attachment.   The cars, when attached, were
left in the possession of the defendant herein.   The
officers of the defendant had full knowledge of such
attachment and acquiesced therein.   The cars were re-
ceived by the defendant in Colorado from the Denver
& Rio Grande Railroad Company, and when received
were loaded.   They were unloaded in Finney county the

day before they were attached. An order of sale was. issued .directing the sale of the attached property, but the defendant herein, before the order was issued, had, without the knowledge or consent of the sheriff, re-- moved the attached cars from the state and delivered them to the owner, the Denver & Rio Grande Railroad Company, and refused to produce them when wanted by the sheriff, whereupon he commenced this action to recover their·value. The district court found in favor of the defendant and taxed the costs to the plaintiff, who prosecutes error.

*George Lynn Miller, Orlo H. Foster, Fred S. Dunn*,. and *Fred J. Evans*, for plaintiff in error.

*William R. Smith, O. J. Wood*, and *Alfred A. Scott*,. for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: It is claimed by the railway company that the cars, when attached, were being used in inter- state commerce, and were therefore beyond the juris- diction of a state court, and that for this reason the at- tachment proceedings were void. On the other hand it is contended by the sheriff that the decision of the court sustaining and confirming the attachment, with the express finding that the property was subject to attachment when taken, amounts to an adjudication that the cars were not engaged in interstate commerce when seized, and that such determination is conclusive when attacked collaterally.

The defendant insists that as it was not a party to the proceedings in the district court it is not bound thereby. It further contends that, having received the cars in the state of Colorado loaded with freight con- signed to another state, it was under obligations to re-- turn them to the owner, and its responsibility continued until this duty was performed; that while engaged in. this duty its possession of the cars was protected by the provisions of the interstate commerce law.

There is nothing to indicate by what process the court obtained jurisdiction over the defendant other than the attachment proceedings and the judgment itself. It appears that King Brothers had a claim against the Denver & Rio Grande Railroad Company, and that that company owned the cars attached, which were then within the jurisdiction of the court. This was sufficient to give the court jurisdiction over the subject-matter of the action. Attachments in such cases are common, and the power of state courts to appropriate property to the liquidation of judgments in such a proceeding is not questioned. At the time the cars were attached they were standing detached from any train, unloaded, and apparently liable for the debts of the owner. If special facts existed which made them exempt from such liability the owner, by showing such facts, might have prevented them from being so taken. The court decided that these cars, when levied upon, were subject to attachment. If this decision of the court be regarded as a mere adjudication *in rem,* it nevertheless amounts to a determination of the status of the attached property, which the court had jurisdiction to make; and, when made, it was binding upon all parties having any interest in the property. (3 A. & E. Encycl. of L. 185; 16 A. & E. Encycl. of L. 129; 24 A. & E. Encycl. of L. 463; *Butcher v. The Bank of Brownsville,* 2 Kan. 70, 83 Am. Dec. 446; *Head v. Daniels,* 38 Kan. 1, 15 Pac. 911; *In re Wallace,* 75 Kan. 432, 89 Pac. 687; *Carter v. Hyatt,* 76 Kan. 304, 91 Pac. 61.)

Nothing appears to have been done by the owner of the property to dissolve the attachment, vacate the judgment or set aside the order of the court, by proceedings in error or otherwise. These orders were assumed to be void, and therefore ignored.

The defendant does not appear to have had any interest in the cars. It was merely in possession of them under an implied promise that they would be returned

to the owner when unloaded. This obligation, however, did not justify taking them forcibly from the custody of law. The status of the attached property, as fixed by the judgment of the court, was binding upon the owner and all other persons having an interest therein. The defendant had no rights to the cars independent of the Rio Grande railroad company which it could assert as against the rights of the sheriff.

We conclude that the taking of the property by the defendant was wrongful, and therefore the judgment of the district court is reversed.