MAX P. ERKER and Franciska Erker, Appellants, v. MARTIN DEICHERT, Respondent.

(222 N. W. 615.)

Opinion filed December 20, 1928.

*Kelsch & Higgins,* for appellants.

*Edw. S. Johnson* and *Scott Cameron,* for respondent.

Burr, J.    This is an action to compel the return of a warranty deed

for cancelation, and to cancel the record thereof. The plaintiffs are husband and wife, and on and prior to June 6, 1926, were occupying the southwest quarter of section 12 in township 132 north of range 86 owned by Franciska Erker as their homestead, and one Rausch was the owner of the northwest quarter of the same section.

On June 6, 1926, the plaintiff Max Erker sold both quarters to the defendant. The defendant was to make a part payment in cash, the plaintiffs and Rausch were to execute warranty deeds and deposit them in the bank of which Rausch was an officer, to be delivered to the defendant upon the full payment of the purchase price into the bank. Franciska Erker never dealt personally with the defendant though the latter knew she was the owner of the land; but the warranty deeds were deposited with the bank as agreed and all further transactions were had between the defendant and Rausch. The defendant went to the bank and secured from Rausch the possession of the deeds, without payment of the purchase price, upon the pretext that it was necessary for him to have the instruments in hand for the purpose of checking the title and seeing that a good title was being furnished, and thus a temporary loan of the deeds was made by Rausch, the defendant signing a receipt to the same effect.

The plaintiffs owed one Steen upon a promissory note for $1,012 executed by both of them to Steen and on September 18, 1926, Steen commenced an action against them making this defendant garnishee. A constable made affidavit that he served the papers personally upon each of the defendants and the garnishee and left with each of them true and accurate copies of all of the papers, enumerating them. Shortly afterwards the defendant paid to the bank part of the purchase price for the two quarters, but on demand of Rausch refused to return the deeds. On October 5th the Erkers removed from their homestead and gave possession to the defendant. Thus at the time the plaintiffs moved off the land the defendant was still owing part of the purchase price for the land he had bought from them.

On the 20th of October Deichert as garnishee in the Steen action, made a disclosure to the effect that he had bought some land in accordance with a certain contract and had paid Max Erker thereon, and was to pay liens and existing claims against the land of about $4,400, that one quarter was owned by Franciska Erker and the other by

Rausch, that he had secured deeds from both parties conveying the land to him, that as soon as an abstract showed clear title he would be "indebted to Max P. Erker in the sum of approximately $2,300, that affiant (Deichert) was to have possession of the premises on September 1, 1926, but same has not yet been delivered to him and that he expects to claim as an offset to said claim for said balance of $2,300 such sums as he shall be damaged by reason of his now securing possession on September 1, 1926, he has no way of determining said damages until final consummation of the transaction." He attached a copy of his contract to this disclosure. The Erkers did not appear in the Steen action nor take issue on the disclosure made by Deichert as garnishee. Consequently on or about October 29, 1926, the district court entered judgment against them and Deichert for $1,325.50. The following day the defendant had the deeds recorded though Rausch had instructed the defendant to return them and not record them until the purchase price was paid in full. On the 4th of November the defendant in this action paid into the bank the sum of $974.50 as payment on the land, leaving due and owing from him on the land the amount of the judgment which was rendered against him as garnishee—$1,325.50—and on the 5th day of November he gave his check to the clerk of the district court for this amount to satisfy the judgment that was rendered against him as garnishee and received a satisfaction of the judgment. The bank refused to honor the check.

On the 3rd of December, counsel for the Erkers served notice upon the garnishee that the judgment against him was null and void, and that if he paid the same the Erkers would sue him for the amount. This notice was based on the theory that the district court had no jurisdiction or authority to make the order of judgment against the garnishee, that no service of the papers in the Steen action had ever been made upon Franciska Erker and that the amount due her on the land was exempt from garnishment. The notice further stated that proceedings had been commenced to set aside the order for judgment and any judgment that was entered. Thereafter the counsel for Steen had the satisfaction of the judgment cancelled, obtained a second order for judgment against both the Erkers and the defendant herein as garnishee, and judgment was duly entered thereon.

. On the 19th day of January the Erkers served upon the defendant

another notice directing him not to pay the garnishment judgment, but Deichert ignored this and on April 6, 1927, paid the amount of the garnishment judgment into court.

In December, 1926, the defendant Franciska Erker made a motion in the district court to set aside the judgment in the Steen case on the ground there was no personal service of the summons and complaint made upon her. In support of this motion she filed affidavits to the effect that the constable who made the return of service never served the papers upon her personally, that he was at the residence of herself and her husband while both were present and left a bundle of papers there stating in effect "I have some papers for you," that these were handed to and left with her husband, that the constable did not explain what the papers were and left no instructions with reference to them, that her husband did not hand her any copies of the papers, that she did not know she was a party to the action until after the judgment was rendered against her. On this motion the court had the affidavit of service and these affidavits before it, passed upon the motion and refused to set the judgment aside.

In February, 1927, the Erkers made a motion in the Steen action for stay of execution, both as to the main action and as to the garnishment proceedings. The court granted the motion of Franciska Erker for a stay of execution upon the judgment but denied her motion for a stay of execution on the garnishment proceedings "upon the grounds and for the reasons that from the record it appears that the defendant Franciska Erker has no interest in the property disclosed by the admission of liability filed by the garnishee Martin Deichert."

No appeal was taken by the Erkers from the judgment rendered in the Steen matter, nor was this second judgment against them and the garnishee ever set aside by the court but remained of record until satisfied. Some of the foregoing statements of fact are disputed in the evidence but we have given the version as claimed by the plaintiffs themselves.

The vital issue involved on this appeal is whether the judgment rendered against this defendant as garnishee in an action wherein the plaintiffs herein were defendants, may be attacked collaterally in this action.

The plaintiffs herein contend the garnishment judgment in the

Steen case is void and can be attacked directly in this case, that we can review alleged errors of the court in the Steen case and determine whether the court erred in refusing to set aside the judgment against them, or erred in entering judgment against the defendant herein as garnishee in that case. There is no difference between a judgment entered by default and a judgment entered in a contested action so far as the rules of collateral attack are concerned. If the court had jurisdiction of the parties then a judgment rendered by default is immune from collateral attack the same as other judgments. See Jones v. Knosp, 91 Neb. 224, 135 N. W. 1049. The plaintiffs in this case argue that the record in the lower court shows the court had no jurisdiction, that there was no service of the summons and complaint upon Franciska Erker in the Steen action, but we must remember that this question of the obtaining of jurisdiction in the Steen matter was one which required the determination of the court in that case. The return of service showed service upon her, this return was in proper form and if true there could be no question about service. Franciska Erker presented affidavits which, if true, would show there was no service upon her. This issue as to service was determined by the court, and determined adversely to the plaintiffs in this case. The judgment in the Steen case contained recitals as to the jurisdiction. As said in 34 C. J. 547: "Where a judgment of a court of general jurisdiction contains recitals as to the jurisdictional facts such recitals are deemed to import absolute verity, unless contradicted by other portions of the record." At page 529 the rule is set forth again—"the recitals concerning the service of process or the other facts on which its jurisdiction is founded import absolute verity, and such recitals cannot be contradicted or disproved, in a collateral proceedings, by any extrinsic evidence, except for fraud." As a general rule the invalidity of the judgment must appear on its face. Shane v. Peoples, 25 N. D. 188, 141 N. W. 737. See, also, Curtis v. Charlevoix County, 154 Mich. 646, 118 N. W. 618. Gulickson v. Bodkin, 78 Minn. 33, 79 Am. St. Rep. 352, 80 N. W. 783.

No other portion of the record made by the court contradicts the recitals showing jurisdiction. True there are the affidavits filed by Franciska Erker but the court evidently found that these were not correct. The question of jurisdiction was presented to the court, it

decided the facts necessary to give it jurisdiction in the case and such "finding is conclusive and cannot be controverted in a collateral proceeding." See Great Western Power Co. v. Pillsbury, 170 Cal. 180, 149 Pac. 35, 9 N. C. C. A. 466; Lancaster v. Snow, 184 Ill. 534, 56 N. E. 813. As said in the latter case (p. 814): "Where, in the decree, the court finds that there was due process of service, that finding is binding, where the interest of third persons has attached."

It is the claim of the plaintiffs they had a right to demand the defendant ignore the garnishment judgment rendered against him because his disclosure showed it was such a case wherein garnishment could not be rendered under the provisions of § 7584 of the Compiled Laws, that his disclosure showed on its face that any amount due from him was not due absolutely but depended upon a future contingency, and therefore the court was in error in rendering judgment against him. But error of the court in determining the effect of this disclosure does not render the judgment void on collateral attack. Borden v. McNamara, 20 N. D. 225, 127 N. W. 104, Ann. Cas. 1912C, 841.

In Jessup v. Atchison, T. & S. F. R. Co. 79 Kan. 429, 100 Pac. 472, the plaintiff had sued the Denver & Rio Grande R. Co. and by attachment seized some of its property in the possession of the Santa Fe road. On the attachment the cars were left in the possession of the Santa Fe who immediately returned them to the Rio Grande road on the theory that the cars were engaged in interstate commerce and therefore were not subject to the attachment process of the Kansas court. The Rio Grande road permitted the action to go by default and judgment was entered against it. The sheriff attempted to levy upon the cars and the Santa Fe refused and was unable to deliver them. The sheriff then sued the Santa Fe road in the case cited. That road attempted to set up want of jurisdiction in the Kansas court on account of the nature of the property. The court held that when the court had made an order sustaining the attachment and adjudged the property subject to attachment such "order of the court is binding upon all parties interested in the property taken, and cannot be set aside or questioned, except in a direct proceeding for that purpose."

Franciska Erker owed the amount of the judgment and Deichert, owing her on the land contract, paid money for her benefit under order of the court. It is true it may be argued from the record in the Steen

case that the amount paid by Deichert as garnishee was not paid as debtor of Franciska Erker but as debtor of Max Erker. This is plausible as the court in the Steen case in denying stay of execution in the garnishment proceedings based it on the theory that Franciska Erker had no interest in the amount due from Deichert. Thus it might be contended Deichert paid as a debtor of Max Erker. But Deichert was sued as garnishee, owing money to both plaintiffs; his contract was with Max Erker but Franciska Erker had constituted her husband her agent; payment to him under the contract was payment to her; the Steen judgment was against both Erkers and the garnishment sought to reach money due under the contract. Deichert paid over money which was due from him on account of the purchase of this land, there was no other debt due from him, and the money paid was money which Mrs. Erker claimed for her land, under contract between her husband and Deichert. Deichert therefore paid under process of court a debt that was due and owing to the Erkers. He was not required to litigate the matter further nor differentiate between the Erkers, nor appeal from the decision of the lower court. It is true that under the provisions of § 7575 of the Compiled Laws he could have set up the defense that the money due from him was exempt as being the purchase price of the homestead had he seen fit. The plaintiffs in this case under § 7580 of the Compiled Laws could have defended on the ground the money was exempt, but they failed to appear in the main action and they failed to appeal from the decision in the Steen action. They also had the right to set up the exact character of this debt but they chose to waive it. Failing to appeal judgment became final against the Erkers and Deichert and the attempt of the plaintiffs to litigate the issues in the Steen case is a collateral attack on that judgment.

Much is said in this case about the wrong of the defendant in putting the deeds on record at the time he received them. We need not review the testimony on this feature of the case. Deichert's version of the transaction is different from the version furnished by the plaintiffs. However whatever wrong may have been done by him in securing the deeds and putting them on record is harmless if the plaintiffs have received in cash and in the payment of their debts all the money due them on the contract. If the theory of the plaintiffs were to prevail

Deichert would have paid the sum of $1,300 on their debts and would still be required to pay the same amount to them. The question of whether this money was exempt should have been litigated in the Steen case. This was not done and Deichert was justified in paying on the garnishment judgment the amount he owed the Erkers. For this reason the plaintiffs cannot recover from him the second time and the judgment of the lower court is affirmed.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.