SAMUEL R. KOCHER V. ISABEL CORNELL.

FILED NOVEMBER 23, 1899.   NO. 9,044.

59  315
p62  609

1. **Married Women**: CONTRACTS. At common law a *feme covert* was incapable of contracting a personal obligation.

2. ———: ———: SEPARATE PROPERTY. In equity, prior to the enactment of the married woman's act, the separate property of a *feme covert* was liable for the satisfaction of her engagements made with reference to it.

3. ———: ———: ———. By the enactment of chapter 53, Compiled Statutes, 1899, married women were given, as a legal right, the power to bind their separate property which, in equity, they already possessed.

4. ———: ———: ———. A married woman can bind her separate property by contract to the same extent only that she could formerly bind it in equity.

5. ———: ———: ———. The contract of a married woman can only be enforced against the separate estate which she possessed at the date of the contract.

6. ———: ———: ———. A mere hope of succession to an estate is not property.

7. ———: ———: ———: SUBSEQUENTLY ACQUIRED PROPERTY. Authority to contract with reference to, and upon the faith and credit of, the separate estate of a married woman does not include an inheritance acquired after the making of a contract by her.

8. ———: ———: ———: ———. And in such case it is immaterial what the intention of the parties was at the time of the execution of the contract.

ERROR from the district court of Douglas county. Tried below before SCOTT, J. *Affirmed.*

*Warren Switzler,* for appellant:

On a contract of a married woman there may be rendered against her a personal judgment, which will bind subsequently acquired property. See *Jones v. Crosthwaite,* 17 Ia., 393; *Richmond v. Tibbles,* 26 Ia., 476; *Van Metre v. Wolf,* 27 Ia., 345; *Williamson v. Cline,* 20 S. E. Rep. [W. Va.], 917.

*George W. Cooper, contra.*

Sullivan, J.

This action was brought by Samuel R. Kocher against Isabel Cornell and her husband to recover a money judgment. The question propounded by the record is this: Is the property which a married woman acquires by inheritance, after the execution by her of a contract of suretyship binding her separate estate in general terms, liable for the satisfaction of such contract? According to the doctrine of the common law, a *feme covert* was incapable of contracting a personal obligation. Her ownership of property was not even recognized. In equity, however, a different rule prevailed. Although she could not, according to the equity doctrine, create a personal liability against herself, her separate estate was liable for the satisfaction of engagements made with reference to it. Her contract was regarded as binding, not upon her, but upon her estate. The property, as was said in *London Chartered Bank v. Lempriere*, 4 L. R., P. C., 597, was considered the real debtor. Our statute has greatly enlarged the capacity of married women to contract, but it has not entirely removed her ancient disabilities. The authority given her by section 2, chapter 53, Compiled Statutes, 1899, is authority to contract with reference to her separate estate. Its practical effect, since imprisonment for debt has been abolished, is to give legal recognition to the previously existing equitable power. In other words, the legislative design, it seems to us, was to give to married women, as a legal right, the power over their property which in equity they already possessed. If we are right in regard to this, a married woman can bind her separate property now by contracts with reference to it, only to the same extent that she could formerly bind it in equity. Whether she possessed power independent of statute to bind by contract property subsequently acquired, has been before the

English courts in several cases. In *Pike v. Fitzgibbon*, 17 L. R., Ch. D. [Eng.], 454, Brett, L. J., discussing the question, said: "The decisions appear to me to come to this,· that certain promises (I use the word 'promises' in order to show that in my opinion they are not contracts) made by a married woman, and acted upon by the persons to whom they are made on the faith of the fact known to them of her being possessed at the time of a separate estate, will be enforced against such separate estate as she was possessed of at that time, or so much of it as remains at the time of judgment recovered." In the same case James, L. J., after observing that the point was not necessarily involved, took occasion to remark: "It is therefore sufficient to state as a warning in any future case that the only separate property which can be reached is the separate property  *  *  *  that a married woman had at the time of contracting the engagement which it is sought to enforce." The question was afterwards directly presented for decision in *King v. Lucas*, 23 L. R.; Ch. D. [Eng.], 712, and it was there held that the contract of a married woman could only be enforced against the separate estate existing at the date of the contract. Following these precedents it was decided in *Ankeney v. Hannon*, 147 U. S., 118, that, in the absence of special legislation, the property which a married woman obtained by inheritance after the execution of the contract upon which the action was brought was not bound, although there was an express declaration of her intention to charge "her separate estate, both real and personal." Other authorities supporting this view are: *Crockett v. Doriot*, 85 Va., 240; *Filler v. Tyler*, 91 Va., 458; *Roberts v. Watkins*, 46 L. J., Q. B. [Eng.], 552; Clark, Contracts, 280; 3 Pomeroy, Equity Jurisprudence [1st ed.], sec. 1123. A mere hope of succession to an estate is not property; and authority to contract with reference to, and upon the faith and credit of, the separate estate of a married woman can not be said, by any fair construction of language, to include it. The estate which Mrs.

Cornell acquired by inheritance was not her separate property at the time the obligation in suit was given, and, therefore, it can not be said that the contract was made with reference to it. What the intention of the parties was in regard to the matter is not material, since the power to bind after-acquired property did not exist.

In conferring upon married women a limited capacity to contract, it was quite natural that the legislature should make the grant of power commensurate only with the necessity for it. The fundamental doctrine of liability being that the wife's separate estate should be held to answer for debts contracted on the faith of it, the requirements of the situation were fully met by the adoption of a statute making such debts a charge upon the estate in existence when the contract was entered into. Indeed, this conclusion seems to be the logical result of the past adjudications of this court holding that the engagements of a woman under coverture are without binding force, except to the extent that they have been made a specific or general charge upon her separate property. See *Grand Island Banking Co. v. Wright*, 53 Nebr., 574; *State Savings Bank v. Scott*, 10 Nebr., 83; *Eckman v. Scott*, 34 Nebr., 817; *Godfrey v. Megahan*, 38 Nebr., 748; *Buffalo County Nat. Bank v. Sharpe*, 40 Nebr., 123. While, under the provisions of section 3, chapter 53, Compiled Statutes, 1899, a married woman may be sued upon her contracts, the theory of the law still is that the property, on the faith of which she obtained credit, is the real debtor, and consequently constitutes the only fund from which a creditor may obtain satisfaction of his claim. The judgment of the district court is

AFFIRMED.