DR. S. S. STILL COLLEGE AND INFIRMARY OF OSTEOPATHY, APPELLEE, V. HOMER D. MORRIS ET AL., APPELLANTS.

FILED MARCH 14, 1913.   No. 17,109.

1. **Married Women:** CONTRACTS: VALIDITY. A married woman may make a valid contract to pay tuition essential to an ·educational course for herself in osteopathy, though she has no separate estate.

2. **Appeal.** A judgment will not be reversed as excessive, where it is not challenged on that ground.

APPEAL from the district court for Thayer county: LESLIE G. HURD, JUDGE.  *Affirmed.*

*M. H. Weiss, George W. Berge, C. J. Campbell* and *C. L. Richards,* for appellants.

*W. E. Goodhue, Merrill C. Gilmore* and *Edwin G. Moon, contra.*

ROSE, J.

This is a suit by payee against the makers of a promissory note for $600, dated February 1, 1903, and payable 30 months after date.  Defendants are husband and wife. The execution and delivery of the note are admitted.  The wife pleads coverture, want of consideration, void suretyship in absence of a separate estate, and want of capacity to make a binding contract.  The case was tried to the court without a jury, and from a judgment against both defendants for the full amount of plaintiff's claim, they have appealed.  The husband did not establish any defense, and on appeal suggests no reason for a reversal of the judgment as to him.  The sufficiency of the defenses interposed by the wife, however, is properly and ably presented.

When the note was executed, defendants were husband and wife, and the latter had no separate estate.  Her view of the case is that she signed the note as surety for her husband, and that, having no property of her own, her contract was void and did not bind subsequently acquired property.  In support of her position the following cases are cited: *Northwall Co. v. Osgood,* 80 Neb. 764; *Farmers Bank v. Boyd,* 67 Neb. 497; *Grand Island Banking Co. v. Wright,* 53 Neb. 574; *Kocher v. Cornell,* 59 Neb. 315.  Is the present case controlled by the principles invoked by the wife?  Her own testimony establishes these facts:  Subsequent to her marriage, she and her husband took together a two-year course in osteopathy.  Having finished their course, the husband signed the note in con-

troversy in an attempt to settle the tuition of both, but plaintiff refused to issue their diplomas—the evidence of their right to practice osteopathy—until the wife also signed the note. After she did so, both received diplomas, which were used by them in registering as practitioners in this state. To some extent, at least, the wife has practiced osteopathy and still has that right. Half the consideration for the note was her own tuition. Under the circumstances disclosed by these facts, could she make a valid contract to pay her tuition, though she was a married woman having no separate estate? If she could, she was a principal, rather than a surety, to the extent of her own tuition. Her education prepared her for a learned profession. It was a personal achievement. She may use it as a means of livelihood. As a practitioner she may devote her earnings to herself without interference from her husband. In that way she may accumulate a separate estate. Coverture did not prevent her preparation to practice osteopathy, nor will it take away the fruits of her profession.

The statute declares: "Any married woman may carry on trade or business, and perform any labor or services on her sole and separate account; and the earnings of any married woman, from her trade, business, labor, or services, shall be her sole and separate property, and may be used and invested by her, in her own name." Comp. St. 1911, ch. 53, sec. 4. The word "business" is evidently used in this statute in a popular and legal sense, making it applicable to any particular employment, occupation, or profession, followed as a means of livelihood. Black, Law Dictionary; Webster's New International Dictionary; *Goddard v. Chaffee,* 2 Allen (Mass.) 395; *People v. Commissioners of Taxes,* 23 N. Y. 242; *Territory v. Harris,* 8 Mont. 140; *Trustees of Columbia College v. Lynch,* 47 How. Pr. (N. Y.) 273; *Beickler v. Guenther,* 121 Ia. 419. The legislation, in declaring that the earnings of a married woman for "services" shall be her separate property, clearly extends to the practice of osteopathy. If a mar-

ried woman having no separate estate cannot enter into a valid contract to pay tuition essential to preparing herself for such a profession, the door of opportunity will be closed to many. In absence of restrictive language, the statutory right to the benefits of such a business implies the power to make contracts necessary to preparation therefor. *Stewart v. Jenkins,* 6 Allen (Mass.) 300; *Chapman v. Foster,* 6 Allen (Mass.) 136; *Bodine v. Killeen,* 53 N. Y. 93; *Frecking v. Rolland,* 53 N. Y. 422. This view is in harmony with analogous reasoning in *Tyler v. Winder,* 89 Neb. 409, wherein it was held: "A married woman who has no separate estate may employ an attorney to begin and prosecute or defend an action for divorce, and make a valid contract to compensate the attorney for his service in such action." The conclusion is that, when the wife signed the note in controversy, she entered into a valid contract to pay her own tuition at least.

As the judgment below is not assailed as excessive, it is

AFFIRMED.