GILTNER STATE BANK, APPELLEE AND CROSS-APPELLANT, V. CHRISTINA TALICH, APPELLANT AND CROSS-APPELLEE: CITIZENS BANK OF GILTNER ET AL., GARNISHEES: FRED C. FOSTER ET AL., INTERVENERS, CROSS-APPELLEES.

FILED FEBRUARY 14, 1927.   NOS. 24923, 25074.

1. **Husband and Wife:** CONTRACT OF MARRIED WOMAN: JUDGMENT: ENFORCEMENT. Where a money judgment in general form is rendered against a woman, upon a contract executed during coverture, wherein she binds her separate estate, but which is not made with reference to her own separate trade, business, or profession, such judgment can be enforced only against the property or the proceeds thereof she possessed at the time of executing the contract.

2. ———: ———: ———: GARNISHMENT: DEFENSES. Where a money judgment in general form is rendered against a woman, upon a contract executed during coverture, wherein she binds her separate estate, and where property acquired by her

Giltner State Bank v. Talich.

after the execution of the contract is seized by execution or garnishment to satisfy the judgment, it is proper practice to move to quash the execution or garnishment, to enjoin the seizure of such property or by any appropriate proceedings to challenge the attention of the court to the fact that property of the defendant, which is not liable therefor, is sought to be subjected to the payment of the judgment.

3. ——: ——: ——: AFTER ACQUIRED PROPERTY. The mere fact that a money judgment, in a suit upon such an obligation, is in general form does not necessarily reflect an intention of the court to charge defendant's property generally to the payment of the judgment, but such judgment should be construed in the light of the pleadings to determine the true operation and effect of the judgment. Where it appears from the entire record that the judgment is based upon a contract executed by a married woman, wherein it is sought to seize her properly acquired after the execution of her contract, in satisfaction of the judgment, the court in an appropriate proceeding will prevent the after acquired property from being appropriated to the payment of the judgment, notwithstanding the fact that the judgment is general in form.

4. ——: ——: ——. The general practice of the district courts of the state, in entering judgments in general form upon contracts executed by a married woman, wherein she binds her separate estate, is approved.

5. **Attorney's Lien.** The judgment of the court on the claim of interveners, praying an attorney's lien, examined, and *held* to be sustained by the record.

6. *Jones v. Knosp,* 91 Neb. 224, in so far as it runs counter to this opinion, is overruled.

APPEAL from the district court for Hamilton county: HARRY D. LANDIS, JUDGE. *Affirmed in part, and reversed in part.*

Fred C. Foster, Thomas, Vail & Stoner, O. K. Perrin and S. M. Kier, for appellant.

Hainer, Craft, Edgerton & Fraizer and C. M. Skiles, contra.

Joseph F. Berggren, amicus curiæ.

Heard before DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

It was stipulated by the parties that the two appeals, docketed as Nos. 24923 and 25074, arise in the same cause of action, involve the same question, and may be briefed and submitted together "and treated in all respects as one appeal." Case No. 24923 being an appeal from an order of the court dated April 16, 1925, and case No. 25074 being an appeal from an order of the court made on June 17, 1925, and another dated July 3, 1925.

By this action the Giltner State Bank, plaintiff, seeks by garnishment proceedings to subject certain money and indebtedness in the possession of the garnishees, Farmers State Bank of Aurora, Archie D. Marvel, John S. Marvel, George F. Washburn, and the Citizens Bank of Giltner, to the payment of a deficiency judgment obtained by plaintiff against Christina Talich who, except as otherwise indicated, will be referred to as defendant. Mrs. Talich denied the right of the plaintiff to subject the property in question to the payment of the deficiency judgment against her on two main grounds: (1) That she was a married woman at the time she executed the notes which form the basis of the deficiency judgment, and that the property in the possession of the garnishees was acquired by her long after the date of the execution of the notes and was therefore not subject to be seized to satisfy the judgment; and (2) that the property in the possession of the garnishees represents the proceeds of life insurance policies on the life of her husband, Joseph Talich, in which she was named as beneficiary, and that the proceeds thereof were exempt to her under the provision of section 7881, Comp. St. 1922. Attorneys Fred C. Foster and the firm Thomas, Vail & Stoner intervened and claimed a lien upon the property in the possession of the garnishees, the Citizens Bank et al. The plaintiff resisted the attorneys' lien upon the ground that it was exorbitant and excessive.

The court overruled defendant's contention that the money in the possession of the garnishee was exempt from seizure because it was acquired by her after she executed

the notes upon which the deficiency judgment was based, but sustained her contention, in part, that the money in the possession of the garnishee was exempt to her as insurance money under the provision of section 7881, Comp. St. 1922. The court ordered the garnishee, Farmers State Bank, to pay into court $131.50, and ordered the Citizens Bank to pay into court $5,439.75 with interest at 7 per cent. from November 26, 1924, said sums to be applied upon the plaintiff's judgment against defendant. There seems to be some discrepency in the amount ordered to be paid into court by the garnishees and the amount which the court found was not exempt from seizure. This is not material, however, in view of our ultimate conclusion. The court also found that the intervening attorneys were entitled to a lien upon the property in the possession of the Citizens Bank in the amount claimed by them. From the judgment of the trial court, determining the issue against her, defendant filed a supersedeas bond and appealed to this court. From the judgment sustaining the attorneys' lien, the plaintiff has taken a cross-appeal.

At this point, a brief summary of the facts may serve to a clearer understanding of the discussion. On April 21, 1921, Joseph Talich and his wife, Christina Talich, executed two notes aggregating $5,191.02,, secured by a real estate mortgage in favor of the plaintiff. The notes contained the following clause: "We each bind our separate estate for the payment of this note." On January 29, 1922, Joseph Talich died. Later, foreclosure action was commenced and on August 9, 1922, a decree of foreclosure in the usual form was entered. On August 17, 1923, the court entered a deficiency judgment against Christina Talich as follows:

"It is therefore considered, ordered, adjudged and decreed that the plaintiffs have and recover from the defendant, Christina Talich, the sum of $5,957.46, the amount of said deficiency, together with interest at the rate of 10 per cent. from this date, to wit, the 17th day of August, 1923, and execution is awarded for the same."

On February 13, 1925, execution was issued on this judgment and returned *nulla bona*. Thereafter garnishment process was duly served upon Archie D. Marvel, John S. Marvel, George F. Washburn, Citizens Bank of Giltner, and the Farmers State Bank of Aurora. The answer of the garnishee, Farmers State Bank, disclosed that it had a credit balance in the name of defendant for $131.50. The answers of the other garnishees were somewhat complicated, but disclosed, among other things, that defendant had obtained a judgment in the district court for Hamilton county against them for $11,889.92, which judgment had been appealed to the supreme court; that whether they were indebted to the defendant depended upon the decision of the supreme court in that case. It may be well to state that the judgment mentioned has been recently affirmed by this court. *Talich v. Marvel,* p. 246, *post.*

The record shows that, at the time of the death of Joseph Talich, he carried two life insurance policies in which the defendant was named as beneficiary. One of these was for $5,000, issued by the Northwestern Mutual Life Insurance Company, on which the beneficiary was paid $4,175. The remainder was retained by the company on account of advances made to Joseph Talich. The $131.50 in the Farmers State Bank was a part of the insurance paid to the beneficiary. The other policy was for $10,000 and was issued by the Omaha life Insurance Company. Subsequent to the death of Joseph Talich, his widow assigned the draft she received on this last policy to the Citizens Bank of Giltner, and later the bank collected on the draft $10,000 and applied the proceeds to its own use. Still later, defendant brought an action in conversion against the Citizens Bank, Archie D. Marvel, John S. Marvel, and George F. Washburn for fraudulently having obtained from her the $10,000 draft and converting the proceeds thereof to their own use. In that action she recovered judgment for $11,889.92 with interest from November 26, 1924. From this judgment all of the defendants appealed. Defendant John S. Marvel

alone superseded the judgment. It is defendant's interest in this judgment which plaintiff now seeks by garnishment proceedings to have applied as a payment on its deficiency judgment.

The defendant assigns generally as error the findings, judgment and orders of the court which subjected her property in the possession of the garnishees to payment on the deficiency judgment. The defendant's position was brought to the attention of the court (1) by a motion to quash the garnishment proceedings for the reasons above indicated; (2) by a petition and application to open and modify the deficiency judgment so as to limit and restrict the liability of the defendant to the separate estate held by her on April 21, 1921; (3) by an application for an injunction restraining the plaintiff from subjecting the property in the hands of the garnishees to the payment of the deficiency judgment; (4) by an application to amend and correct the decree by a *nunc pro tunc* order so that the execution issued on the judgment should run only against the estate of defendant owned by her April 21, 1921. These several motions were overruled by the court. The rulings thereon form the bases of the errors assigned.

Taking the pleadings as a whole, it seems perfectly clear that the defendant at the time she executed the notes was a married woman. As such, her right to enter into binding contracts is only such as the statute has enlarged her common-law limitations. It will serve no useful purpose to review the common-law liability of a married woman upon her contracts, and the enlargement of her powers and liabilities as affected by statutes. The discussion of these questions can readily be found in the reported decisions of this court. In *Kocher v. Cornell,* 59 Neb. 315, the question now before us is discussed and the general rule announced that "The contract of a married woman can only be enforced against the separate estate which she possessed at the date of the contract." To the same general effect see *Grand Island Banking Co. v. Wright,* 53 Neb. 574; and

*Marsh v. Marsh,* 92 Neb. 189. As against this view, the plaintiff has cited a number of our own decisions, among them *Tyler v. Winder,* 89 Neb. 409, in which it was held that a married woman who has no separate estate may make a valid contract to compensate an attorney to prosecute or defend an action of divorce for her. In *Still College and Infirmary v. Morris,* 93 Neb. 328, it was held that a married woman may make a valid contract essential to an educational course for herself in Osteopathy though she has no separate estate. In *Peterson Bros. & Co. v. Gunnarson,* 106 Neb. 29, it was held that where a husband deserts his wife and departs from the state with intent to renounce the marital relations, leaving the wife without maintenance or support, the wife may make a contract as a *feme sole,* and where she so acts is liable on her contracts. *Biltwell Tire & Battery Co. v. Book,* 112 Neb. 647, does not militate against the rule in the *Kocher* case, when viewed in the light of the questions discussed in each case. In most of the cases just above cited, the question being considered related to the liability of the married woman on her contract, and in none of them is the question discussed as to what portion of her property, if any, was subject to exemption from seizure to satisfy the judgment which might be rendered. It will be observed that the contract in question was not made by the defendant with reference to her own separate trade, business, or profession, but rather in the nature of a surety for her husband. In some of our decisions, it might appear from a casual reading that a contrary view had been taken from the principle announced in the *Kocher* case, *supra,* but we think the peculiar facts of these cases bring them within an exception to the rule in the *Kocher* case.

It is the contention of the plaintiff that the judgment against defendant being a general judgment is enforceable against any or all property which she possessed, regardless of when it was acquired. It is also urged that, by failing to have the judgment recite that it was enforceable only

out of property possessed at the time of the making of the notes, she thereby waived her right to insist that her after acquired property was not liable for the satisfaction of the judgment. We do not agree with this contention. So far as the writer is advised, it has been the uniform practice in the district courts, in entering a judgment against a married woman upon a contract which bound her separate estate, to enter a general judgment against her, without designating the property out of which the judgment could be satisfied. The general judgment determines but two matters the liability of the judgment debtor and the amount of the liability. The question of what property is subject to levy under execution to satisfy the judgment is a matter arising subsequently and collaterally, and is not affected by the general form of the judgment, but may be determined by matters *aliunde*, regardless of such general form.

It is a matter of frequent occurence that a general judgment against a debtor may not be enforced against certain classes of property; for instance, the homestead is exempt from execution for a certain amount and under certain conditions. A portion of a married man's wages is exempt, likewise the instruments and books of a professional man. So it frequently happens, where certain classes of property of the judgment debtor, which are exempt, have been levied upon by execution, that the courts will interfere and prevent the sale of property not subject to execution.

In the case before us, it seems clear that certain property of the defendant is sought to be subjected to the payment of the deficiency judgment which in law is not liable therefor. The only reasons assigned by the plaintiff to sustain its action in this regard is that the judgment was general in form, and that the defendant did not plead her coverture as a defense in the original action, and did not have her liability thereon restricted to her separate property owned by her at the time of the execution of the notes. It seems to us that it would be too narrow a view to hold that, be-

cause the defendant did not plead her coverture as a defense or did not incorporate in the deficiency judgment the property out of which the judgment could be satisfied, defendant must now submit to have her property, which was not liable for the payment, taken to discharge the judgment.

Taking the record as a whole, it clearly appears that, at the time of the execution of the notes, defendant was a married woman. The law definitely fixed what portion of her property would be liable for the satisfaction of her contract and limited it to property owned by her at the time of the contract. When her property which was not liable to be seized was sought to be taken to discharge the deficiency judgment, it seems to us that it was the proper practice to move for a discharge of the garnishment. She could preserve her rights by injunction, by motion to quash the garnishment, by an application to amend the judgment so that it could be satisfied only out of the property held by her at the time of the execution of the contract, or by other appropriate action.

Plaintiff discusses at considerable length the question whether the defendant is liable for a deficiency judgment under her contract. We do not understand that this question is seriously contested by the defendant. The point urged by defendant, as we understand it, is not whether she was liable for a deficiency judgment, but rather what portion, if any, of her property is exempt from seizure to satisfy the judgment. Upon this question, the plaintiff relies upon *Jones v. Knosp,* 91 Neb. 224. There is some language used in that case which gives credence to the position taken by plaintiff, namely, that, by failing to plead her coverture in the original action, she is now estopped from setting up any defense to the judgment. Under the peculiar facts of that case, the conclusion reached was right; but the rule was perhaps too broadly stated, and so far as the doctrine announced therein runs counter to this opinion it is overruled.

We think the motion of defendant for a *nunc pro tunc* order, is not well taken. The purpose of such an order is to make the record speak what was actually done, and not for the purpose of having the record show what should have been done. In this case the journal entry reflected the action of the trial court.

Upon a review of the entire record, we think the trial court erred in failing to quash the garnishment proceed-, ings, because it clearly appeared that the property sought to be seized was acquired by defendant long after the contract was entered into upon which the judgment was based, and was therefore not subject to seizure in satisfaction of the deficiency judgment. We are also of the opinion that it would have been the proper practice for the court to have sustained the motions to open up and modify the judgment or have granted an injunction so as to give the defendant the relief prayed for by the motions.

In the view that we have taken, that the after acquired property of defendant was not subject to seizure, and it appearing that the property in the hands of the garnishees was after acquired property, we deem it unnecessary to discuss the further question presented by the defendant that the property sought to be reached was exempt as being money paid on an insurance policy under the provision of section 7881, Comp. St. 1922.

Upon the question presented by the cross-appeal of the plaintiff, the court allowed the attorneys' lien for the full amount prayed for by them. We deem it unnecessary to review the testimony on this phase of the case, but in our view it fully sustains the findings and judgment of the trial court on that question.

The judgment of the district court, in so far as it requires the Farmers State Bank of Aurora to pay into court $131.50 to be applied upon plaintiff's deficiency judgment against defendant, and in so far as it requires the other garnishees to pay into court $5,439.75 to apply in satisfaction of such judgment, is reversed and set aside. With respect to the other matters, the judgment of the district court is affirmed.

The cause is remanded to the district court, with directions to enter judgment in accordance with this opinion. In accordance with the stipulations of the parties, the conclusions reached are applicable to both cases.

AFFIRMED IN PART, AND REVERSED IN PART.