FARMERS STATE BANK OF EUSTIS, APPELLANT, V. GRACE WHEELER ET AL., APPELLEES.

291 N. W. 887

FILED MAY 3, 1940. No. 30782.

*F. J. Schroeder,* for appellant.

*Hamilton & Landis* and *Cloyd E. Clark, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

ROSE, J.

This is a suit in equity for an injunction preventing Grace Wheeler, one of the defendants, from assigning or otherwise transferring, prior to the satisfaction of plaintiff's claim, a legacy of $5,000 bequeathed to her by her father, John Rupe, deceased, and to prevent Fred Rupe, her brother, another defendant, as special administrator of the estate of decedent and as executor of his will, from turning her legacy over to her.

The petition contains pleas that plaintiff, in an action on a note, recovered a judgment against Grace Wheeler and her husband, Charles B. Wheeler, for $1,285.62 November 16, 1936; that the judgment is unpaid; that Grace Wheeler pledged her separate estate for payment of the debt evidenced by the judgment and promised to pay the debt; that resort to her legacy is the only means of enforcing payment; that she is estopped to deny liability for the debt.

In her answer, Grace Wheeler admitted plaintiff recovered judgment on the note signed by her and her husband but denied unadmitted allegations of the petition; pleaded coverture; alleged she signed the note as surety for her husband and bound only the separate estate then possessed by her for payment of the debt; alleged further that her subsequent legacy cannot be subjected to the payment of plaintiff's judgment for the debt of her husband.

Upon a trial of the cause, the district court found that plaintiff was not entitled to any equitable relief and dismissed the suit. Plaintiff appealed.

The question presented by the appeal is the asserted equitable right of plaintiff to impound in the hands of the executor enough of the legacy to pay the debt of the husband and apply the impounded fund to the satisfaction of the judgment.

Established facts relating to Grace Wheeler's obligation on the note of her husband may be summarized as follows: When Charles B. Wheeler was an unmarried man October 3, 1919, he borrowed from the Farmers State Bank of Eustis, plaintiff, $225, and E. O. Rupe, a brother of Grace Rupe, now Grace Rupe Wheeler, signed as surety the note evidencing the loan. Neither of the Rupes received any of the borrowed money. The note was renewed 14 times with E. O. Rupe as surety until the debt, with interest and increase in loans, amounted to $762.57 September 12, 1928. In the meantime Grace Rupe became the wife of Charles B. Wheeler, February 25, 1920. September 12, 1928, an officer of the bank went to the home of Grace Rupe Wheeler and asked her for her signature on a renewal note of that date for the amount stated in addition to the signatures of her husband, Charles B. Wheeler, and her brother, E. O. Rupe. At that time Grace Wheeler and a brother, Grover Rupe, owned a section of land in Banner county, each having a half interest therein. The banker considered this half interest of Grace Wheeler "was part of her paying ability," when soliciting her signature. She declined to sign a renewal note bearing the signature of her husband and her brother, E. O. Rupe, but said she would take the place of the latter as surety on the note, if he were released, and her brother Grover Rupe's interest in the Banner county land held not bound for her obligation as signer of notes to the bank. An agreement thus protecting Grover Rupe was reduced to writing and signed by her, Grover Rupe and the bank. September 12, 1928, she signed, with her husband, the note for $762.57. It bore no other signatures. The bank then surrendered to Grace Wheeler the old note of which the new one was a renewal. On the note of September 12, 1928, the bank recovered a judgment against the Wheelers November 16, 1936, for $1,285.62. Execution thereon was issued February 18, 1939, and returned *nulla bona* February 20, 1939. The Banner county land owned by Grace Wheeler and her brother Grover was mortgaged when the note of September 12, 1928, was executed and the former lost her half interest

by subsequent foreclosure. When the Farmers State Bank of Eustis, plaintiff, applied for equitable relief in the case at bar, neither of the judgment debtors owned any property subject to execution, but the executor of the will then had in his hands sufficient funds bequeathed to Grace Wheeler to satisfy the debt owing by her husband to plaintiff, if available for that purpose, but her legacy did not become her property until her father died February 11, 1939, eleven years later after she had pledged by note her separate estate as surety for her husband's debt. The foregoing facts are shown by the evidence without dispute.

The cashier of plaintiff, however, testified that, in the negotiations resulting in the release of the brothers of Grace Wheeler, she said, "If you will leave my brother Ed off the note, I will sign the note in Ed's place and see that it is paid." An oral promise to see that the note is paid was denied by her and the circumstances tend to substantiate her denial. The cashier himself testified she said she would sign, "if you will leave my brother Ed off the note." This was in harmony with her own testimony. Her brother Ed's place on the note was that of surety for her husband as shown by the evidence. She expressed a natural wish to release him and stated her purpose frankly. The cashier was an experienced banker and took the precaution to insert in the note the recital that she bound her separate estate. He signed an agreement that her brother Grover's interest in the Banner county land would not be held for her husband's debt, but he did not reduce to writing any oral promise by her to see that the note was paid. Nothing was said about a prospective inheritance. The preponderance of the evidence on the disputed fact is in favor of Grace Wheeler. She did nothing to deceive or mislead the cashier or to estop her from denying she was a principal debtor on the note. The evidence does not prove fraud or estoppel and arguments by plaintiff for a reversal on such grounds, though plausible, are found to be without merit. The legacy was not included in the pledged estate and was not property belonging to the married woman when the pledge was made. The case is controlled by the following principles of law:

"The contract of a married woman can only be enforced against the separate estate which she possessed at the date of the contract.

"A mere hope of succession to an estate is not property.

"Authority to contract with reference to, and upon the faith and credit of, the separate estate of a married woman does not include an inheritance acquired after the making of a contract by her." *Kocher v. Cornell*, 59 Neb. 315, 80 N. W. 911.

Proof of facts showing an exception to these rules in the case at bar has not been found in the record. There is no error in the proceedings and judgment of the district court.

AFFIRMED.