HENRY STANDER, APPELLANT, V. CHARLES J. PANKONIN ET AL., APPELLEES.

4 N. W. (2d) 895

FILED JULY 10, 1942. No. 31345.

*C. S. Wortman* and *A. L. Tidd,* for appellant.

*Albert S. Johnston, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

This is a creditor's bill brought to reach certain real estate conveyed by the defendant Mary D. Pankonin to her son Charles J. Pankonin on March 15, 1940. The trial court found for the defendants and plaintiff appeals.

The record shows that on January 3, 1930, Herman E. Pankonin procured a loan from the plaintiff, Henry Stander, in the amount of $2,000 and gave a note and mortgage on a quarter-section of land to secure it. The mortgage was subject to a first mortgage for $7,000 in favor of the Mutual Benefit Life Insurance Company on the same land. On July 26, 1931, Herman E. Pankonin died, leaving a will by which he devised all his property to Mary D. Pankonin, his wife, subject to his debts. In the probate of the estate, notice to creditors was given and an order barring claims duly entered on January 5, 1932. The plaintiff filed no claim based on his note. A final decree assigning all of the estate property to Mary D. Pankonin was entered by the probate court on May 17, 1932.

The evidence shows that the Mutual Benefit Life Insurance Company subsequently commenced a foreclosure of their mortgage and on April 3, 1939, a decree of foreclosure was duly entered decreeing that the insurance company had a first lien for $9,223.52, and that plaintiff had a second lien for $2,030. The property was sold to the insurance company for less than the amount of its lien. Plaintiff then obtained a deficiency judgment against Mary D. Pankonin for $2,262.82.

The property assigned to Mary D. Pankonin by the final decree of the probate court included some lots and parts of lots in the village of Louisville, Nebraska. On March 15, 1940, Mary D. Pankonin conveyed these lots to her son Charles J. Pankonin without consideration. Plaintiff alleges that the deed was fraudulent and made for the purpose of hindering and delaying him in the collection of his judgment. On this issue the trial court found for defendants, and the correctness of this finding is before us for review.

Plaintiff contends that he has a right to proceed against the property in question as that of Herman E. Pankonin, deceased. In this he is in error for the reason that any and all claims against the estate of Herman E. Pankonin were barred by the order barring claims in the probate proceeding. In *Null v. Jones,* 5 Neb. 500, this court said:

"Such mortgage is not barred, as to the property which it covers, by a failure to present it to the court for allowance as a claim against the estate.

"But unless so presented the holder is confined to the mortgaged property, and cannot share in the general assets of the estate."

It is clear, therefore, that the failure of the plaintiff to file a claim in the probate proceeding will not affect his right to subject the mortgaged property to the payment of his lien. Comp. St. 1929, sec. 30-609. But his failure to so do is a complete bar to any attempt to collect a deficiency from other assets of the estate.

Plaintiff further contends that the property, if retained by Mary D. Pankonin, would have been subject to levy for the payment of the deficiency judgment obtained against her personally. We think plaintiff is also in error in this contention. The evidence shows that Mary D. Pankonin signed the note on January 3, 1930, on which the deficiency judgment was based. She acquired the property in question by will on the death of her husband on July 26, 1931. It was, therefore, after acquired property which was not a part of her separate estate at the time she signed the note. "The law is well settled in this state that the contract of a married woman can only be enforced against the separate estate which she possessed at the date of the contract." *Curley v. White,* 129 Neb. 829, 263 N. W. 134. "Authority to contract with reference to, and upon the faith and credit of, the separate estate of a married woman does not include an inheritance acquired after the making of a contract by her." *Kocher v. Cornell,* 59 Neb. 315, 80 N. W. 911.

It is the contention of plaintiff, however, that the award of the deficiency judgment from which no appeal was taken

is a bar to this defense for the reason that Mary D. Pankonin pleaded coverture in her objections to the motion for deficiency judgment. It is a rule well settled in this state that a general judgment against a married woman determines only the liability of the debtor and the amount thereof. To this extent the deficiency judgment rendered in the case at bar is *res adjudicata* as to Mary D. Pankonin. But the question as to the property subject to levy by execution to satisfy the judgment is a matter which arises subsequently and may be determined by matters aliunde regardless of the general form of the judgment. *Giltner State Bank v. Talich*, 115 Neb. 236, 212 N. W. 536. The defendant Mary D. Pankonin is not, therefore, attempting to relitigate her liability for a deficiency judgment, but, on the contrary, she is contending only that the property sought to be reached is not subject to the payment of the judgment validly entered. This she has a right to do.

It appearing, therefore, that plaintiff may not subject the property in question to the payment of his judgment, either as assets formerly belonging to the estate of Herman E. Pankonin, or as property of Mary D. Pankonin, a married woman, acquired after the creation of the obligation, the conveyance to Charles J. Pankonin was not in any respects fraudulent as to plaintiff. Property of a judgment debtor not subject to the payment of claims of creditors cannot be fraudulently conveyed as against such creditors.

AFFIRMED.