MINNIE L. MYERS, APPELLEE, v. ROSENBERG BROTHERS ET AL., APPELLANTS.

12 N. W. (2d) 77

FILED NOVEMBER 26, 1943.   No. 31693.

*Cook & Cook,* for appellants.

*Blackledge & Sidner, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

This is an action in equity to cancel, remove and extinguish a judgment in so far as the same is, or purports to be, a lien, encumbrance or cloud upon the plaintiff's title to real estate, described in the petition.

The plaintiff's petition discloses a default judgment against her husband and herself, entered in the county court of Dawson county on August 13, 1924, in an action brought by the defendants in the present action on September 20, 1923. The judgment was in the amount of $670 and was

for a tractor alleged to have been purchased by the plaintiff and her husband. Transcript of the judgment was filed in the district court and, by issuing execution at proper times, has been kept alive. The petition then alleged that the plaintiff did not purchase the tractor or enter into any agreement of any kind or obligate herself to do so; further, that Mollie B. Goff, plaintiff's mother, died testate November 12, 1932, owning certain real estate; that plaintiff was devised an undivided two-ninths interest, subject to the life estate of her father, who died testate December 14, 1941; that she then inherited an additional one-ninth interest in the real estate; that subsequently she, with others, entered into a contract to sell the real estate so inherited; that the purchaser claimed the judgment constituted an encumbrance on her interest in the real estate; hence this suit.

The defendants' answer alleged that the plaintiff and her husband each owned a separate 160 acres of land in fee; that on September 25, 1919, the plaintiff and her husband went to defendants' place of business to jointly purchase a farm tractor for the amount of $1,000; that $400 was paid on this amount and suit was brought for the balance; prayed a dismissal of the plaintiff's petition and that defendants be entitled to collect the judgment. The reply was a general denial and a specific denial with reference to the purchase of the tractor. The trial court found generally in favor of the plaintiff and against the defendants, granting the prayer of plaintiff's petition. From this judgment the defendants appeal.

Defendants' contention is that the plaintiff, a married woman, carried on the trade and business of farming on her sole and separate account, and, in so doing, had the right to enter into any contract to the same extent as a married man with relation to her real and personal property; further, that a married woman can sue and be sued in the same manner as if unmarried, and, if the husband and wife be sued together, the wife may defend in her own right and, in the event the husband fails to defend, she may defend for him also; citing the appropriate provisions of the

statute, which are conceded by the plaintiff to be the law.

An analysis of the record discloses that, while plaintiff and her husband each owned 160 acres of land, they farmed jointly. The plaintiff aided and assisted in the purchase of the real estate from money received from her parents and money she had earned previous to her marriage. Her husband had little money. The farming was over the entire half-section, with no definite line fences, and carried on in a general manner for the welfare and the benefit of the entire family who assisted and helped in the work. While some of the money from the sale of produce and stock was divided between the husband and wife, each taking a proportionate share and the farming implements being purchased by both, such implements were used jointly on the farm for the benefit of all.

The plaintiff testified that at the time of the alleged purchase she did not know of the purchase, had no part in it and signed no contract or other papers, indicating or implying such indebtedness. This testimony is borne out by the record. While the plaintiff rented her farm to her son in 1917, and he paid her one-half of the grain rent, using all of the farm implements, and also assisted his father in farming the 160 acres which the father owned, the evidence is insufficient to show that the plaintiff carried on the business of farming on her sole and separate account, but contra, the plaintiff, her husband and three children were living in their farm home, operating their farm in the same manner as many farm families in this section of the country, working together for the common good. Under the facts in this case, we conclude that the contention of the defendants, above stated, fails, for the want of sufficient evidence, to establish that the plaintiff, as a married woman, carried on a trade or business on her sole and separate account.

The defendants next contend that the judgment in the county court against plaintiff and her husband, being in default, may be the basis for a plea of res judicata or estoppel in a subsequent action involving the same matter and

is as conclusive on whatever is essential to support it as a judgment entered after answer and contest; citing *Jones v. Knosp,* 91 Neb. 224, 135 N. W. 1049. In that case there was some language used which gives credence to the position that, by failure to prove coverture in the original action, plaintiff is now estopped from setting up any defense to the judgment. However, in the case of *Giltner State Bank v. Talich,* 115 Neb. 236, 212 N. W. 536, this court, in speaking of *Jones v. Knosp, supra,* said: "Under the peculiar facts of that case, the conclusion reached was right; but the rule was perhaps too broadly stated, and so far as the doctrine announced therein runs counter to this opinion it is overruled."

In the instant case, it will be noted that the property involved in the action was not acquired by the plaintiff until 1932, and not finally until the death of her father in 1941. In other words, she did not have any interest in the real estate here involved at the time of the alleged purchase of the tractor. This brings us to the sole essential question for determination in this case, and that is: whether or not real estate subsequently inherited by the plaintiff from her parents is subject to the payment of a judgment entered by default against her husband and herself for a tractor sold to the husband during coverture. On this proposition the following authorities are applicable:

It is a rule well settled in this state that a general judgment against a married woman determines only the liability of the debtor and the amount thereof. See *Giltner State Bank v. Talich, supra.* And on the proposition directly involved, the court in *Curley v. White,* 129 Neb. 829, 263 N. W. 134, said (p. 837): "The law is well settled in this state that the contract of a married woman can only be enforced against the separate estate which she possessed at the date of the contract." Citing *Giltner State Bank v. Talich, supra;* also *Kocher v. Cornell,* 59 Neb. 315, 80 N. W. 911. In the latter case the court held:

"Authority to contract with reference to, and upon the faith and credit of, the separate estate of a married woman

does not include an inheritance acquired after the making of a contract by her." In the instant case, there is nothing in the record to disclose that this plaintiff bound her separate estate or any estate she might acquire in the future.

Other assignments of error are set out but need not be determined in view of our holding.

AFFIRMED.