## UNITED STATES v. SODE.

### Civ. A. No. 78–50.

United States District Court
D. Nebraska, Omaha Division.
Oct. 30, 1950.

---

John E. Deming, Asst. U. S. Atty., Omaha, Neb., for plaintiff.

W. A. Ehlers, Omaha, Neb., for defendant.

DONOHOE, Chief Judge.

On the first of April, 1946, Opal M. Thompson entered into a contract to sell certain real estate in Douglas County, Nebraska, to "James H. Sode and Edna Pearl Sode, husband and wife"; the vendor was to retain title until the purchase price was fully paid. It is well settled in Nebraska that an executory contract for the sale of land vests the equitable ownership in the purchaser and the seller retains title as legal security for the deferred installments of the purchase price. In re Wiley's Estate, 150 Neb. 898, 36 N.W.2d 483, opinion supplemented 151 Neb. 633, 38 N.W.2d 434; Jewett v. Black, 60 Neb. 173, 82 N.W. 375. It seems that in the situation under consideration the husband and wife obtained an equitable interest in the property mentioned. Whether the wife acquired such an interest that it could be considered part of her separate estate would depend to some extent on whether she contributed to the purchase price. Property coming to the wife by gift from the husband is excepted from the wife's separate estate. Sec. 42-201, R.S.Neb. 1943. Since there is no evidence either that she did or did not contribute to the purchase price we are forced to conclude that she took a separate interest by reason of the contract without delving into the problem of consideration. In the absence of evidence to the contrary it should be presumed that as co-purchaser she paid her share.

Subsequent to the contract to purchase, James H. Sode and Edna Pearl Sode took possession of the property and

occupied it as their home. For reasons not material to the disposition of this case, James H. Sode was taken from his home and confined in the penitentiary for a period of two years. It is clear that this did not constitute a desertion of his wife which would enable her to sue and be sued as feme sole. The rule is clearly stated in Gregory v. Pierce, 4 Metc., Mass., 478, and followed by the Supreme Court of Nebraska in Peterson Brothers v. Gunnarson, 106 Neb. 29, 182 N.W. 505, 506: "The desertion of a wife by her husband, which will enable her to sue, and render her liable to be sued, as a feme sole, must be an absolute and complete desertion, by his continued absence from the commonwealth, and a *voluntary* separation from and abandonment of his wife, with an intent to renounce, de facto, the marital relation, and leave her to act as feme sole." (Emphasis added.) Since James H. Sode's departure was involuntary there is little merit to the contention that his wife did or could act as feme sole.

In any event, while James H. Sode was involuntarily detained, his wife, Edna Sode, conjointly with her son, Edward J. Marr, executed a National Housing Act Installment note, payable to the Micklin Home Improvement Company. The note was given in payment for combination storm windows for the home which she and her husband were purchasing from Opal M. Thompson. The face value of the note, $831.27, was to be paid in equal monthly installments of $23.10, each. Upon default, the note for valuable consideration, was assigned to the First National Bank of Omaha, Nebraska, and by it to the United States, the plaintiff in this action. Edna Pearl Sode is the only party named as defendant because the co-obligor on the note, Edward J. Marr, is a bankrupt.

Sometime after the defendant Edna Pearl Sode signed the note in question, Opal M. Thompson foreclosed the interest of Edna Pearl Sode and James H. Sode in the aforementioned real estate for failure to make the installment payments when due. It appears that now the defendant has no interest in any property whatsoever and that especially she has no interest in the property which she and her husband were purchasing at the time she signed the note.

A contract entered into upon the faith and credit of a married woman's separate estate can only be enforced out of the separate estate which she possessed at the time the contract was entered into. Kocher v. Cornell, 59 Neb. 315, 80 N.W. 911; Giltner State Bank v. Talich, 115 Neb. 236, 212 N.W. 536. In view of the fact that any property which Edna Pearl Sode may have had at the time the contract was entered into has now been extinguished, the court is of the opinion that no judgment can be rendered against her.

It may very well be argued that as to obligations incurred by a married woman arising out of contracts with reference to her separate estate; that is, the category of cases in which a married woman is directly and primarily interested, or from the operation of her trade or business, the scope of liability is greater and is not limited to the separate estate possessed at the time the liability was incurred. See Ginsburg, Contractual Liabilities of Married Women in Nebraska, 20 Neb. L.R. 191, 212. There are only two Nebraska cases which may be said to lend any support to this proposition. In one, Tyler v. Winder, 89 Neb. 409, 131 N.W. 592, 34 L.R.A.,N.S., 1080, it was held that a married woman who has no separate estate may make a valid contract to compensate an attorney to prosecute or defend an action of divorce for her. In the other, Still College & Infirmary v. Morris, 93 Neb. 328, 140 N.W. 272, it was held that a married woman may make a valid contract essential to an educational course for herself in osteopathy though she has no separate estate. Both of these cases are clearly distinguishable from the situation now under consideration. The note was not given in this case in reference to her own separate trade, business or profession. Nor was it given solely in reference to her own separate property. It may seem that she was directly and primarily interested in the acquisition of the storm windows, but these improvements inured equally to the benefit of her husband, who was a co-purchaser of the home. We might even say that they

inured more to the benefit of the husband since the law imposes upon him the obligation of furnishing a home.

Recognizing the fact that decisions limiting the extent of a married woman's liability may frustrate the purpose of the legislation granting the married woman a separate estate, i. e. the extension of credit to married women (See Ginsburg, Contractual Liabilities of Married Women in Nebraska, supra, 212, 219); recognizing also that a revolution has in fact occurred and that a wife in most jurisdictions is intended to be sui juris as to property (See III Vernier, American Family Law, p. 167), we are nevertheless bound in this matter by the decisions of the Nebraska Supreme Court. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. These decisions, excluding the exceptions mentioned, seem clearly to hold that the contract of a married woman can only be enforced against the separate estate which she possessed at the date of contract. Since she no longer has that separate estate the plaintiff's cause of action should be dismissed.

Judgment shall be entered accordingly.